Filed 7/9/21  P. v. Lawson CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> KARNELL SEAN LAWSON, <br><br> Defendant and Appellant. | B309899 <br><br> (Los Angeles County Super. Ct. No. TA145980) |

APPEAL from an order of the Superior Court of Los Angeles County, Ricardo R. Ocampo, Judge.  Affirmed.

Richard B. Lennon and Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

Karnell Sean Lawson appeals from an order summarily denying his petition for resentencing pursuant to Penal Code section 1170.95.[1]  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 23, 2018, Lawson, along with multiple codefendants, was charged in an information with one count of special circumstances murder (§§ 187, subd. (a), 190.2, subds. (a)(21), (a)(22)), three counts of attempted murder (§§ 664, 187, subd. (a)), one count of shooting at an occupied vehicle (§ 246), and one count of shooting at an inhabited dwelling (§ 246).  Gang enhancements (§ 186.22, subd. (b)) and firearm enhancements (§ 12022.53, subd. (d)) were alleged as to each count.

On November 25, 2019, pursuant to a plea agreement, Lawson was convicted of one count of voluntary manslaughter (§ 192, subd. (a)) and three counts of attempted murder (§§ 664, 187, subd. (a)).  On February 21, 2020, the trial court sentenced Lawson to a determinate term of 28 years, consisting of 21 years on the voluntary manslaughter count and consecutive terms of two years and four months on each of the attempted murder counts.  The court dismissed the remaining counts against Lawson pursuant to the plea agreement based on his truthful testimony.

On October 15, 2020, Lawson filed a petition for resentencing pursuant to section 1170.95.  In his petition, Lawson alleged that he had been charged in an accusatory pleading with murder under a theory of felony murder or the

---

[1] All statutory references are to the Penal Code.

natural and probable consequences doctrine; that he pleaded guilty or no contest to murder in lieu of going to trial because he believed he could have been convicted of murder under the felony-murder rule or the natural and probable consequences doctrine; and that he could not now be convicted of murder because of changes made to sections 188 and 189, effective January 1, 2019. Lawson also checked a box in his petition requesting the appointment of counsel.

On November 4, 2020, the trial court summarily denied the section 1170.95 petition on the ground that Lawson failed to make prima facie showing that he was entitled to relief. The court found that Lawson was not convicted of murder, but rather was convicted of voluntary manslaughter pursuant to a no contest plea. The court also found that Lawson entered his plea long after the amendments to sections 188 and 189 took effect.

On December 15, 2020, Lawson filed an appeal from the order denying his section 1170.95 petition. We appointed counsel to represent Lawson on appeal. After an examination of the record, counsel filed an opening brief which raised no issues and requested this court conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On March 30, 2021, we advised Lawson that he had 30 days in which to submit a supplemental brief or letter setting forth any contentions or arguments he wished for this court to consider. Lawson did not submit a supplemental brief.

## DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) amended murder liability under the felony-murder rule and natural and probable consequences doctrine. (*People v. Gentile* (2020) 10 Cal.5th 830, 842–843.)

3

Senate Bill 1437 also added section 1170.95, which created a procedure whereby persons convicted of murder under a now-invalid felony murder or natural and probable consequences theory may petition the sentencing court to vacate the murder conviction and resentence the petitioner on any remaining counts.  A petitioner is eligible for relief under section 1170.95 if he or she:  (1) was charged with murder by means of a charging document that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) was convicted of first or second degree murder, and (3) could no longer be convicted of first or second degree murder due to the changes to sections 188 and 189 effectuated by Senate Bill 1437.  (§ 1170.95, subd. (a).)

The point at which a sentencing court must appoint counsel to represent a defendant petitioning for relief under section 1170.95 and whether the court may rely on the record of conviction to find that a defendant has failed to make a prima facie showing of eligibility for relief are issues currently under review by the California Supreme Court.  (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1139–1140, review granted Mar. 18, 2020, S260598.)  Pending the Supreme Court's resolution of these issues, we need not resolve these questions because any possible error in summarily denying the petition was harmless.

By its plain terms, section 1170.95 does not apply to convictions for crimes other than murder.  (See, e.g., *People v. Paige* (2020) 51 Cal.App.5th 194, 204 ["defendants charged with felony murder but convicted of voluntary manslaughter pursuant to a plea agreement are not eligible for relief under section 1170.95"]; *People v. Sanchez* (2020) 48 Cal.App.5th 914, 918 ["section 1170.95 . . . makes resentencing relief available only

4

to qualifying persons convicted of murder"]; *People v. Turner* (2020) 45 Cal.App.5th 428, 438 ["defendant who faces murder liability . . . , but pleads guilty to manslaughter in lieu of trial, is not eligible for resentencing under section 1170.95"]; *People v. Flores* (2020) 44 Cal.App.5th 985, 993 [section 1170.95 "does not mention, and thus does not provide relief to, persons convicted of manslaughter"]; *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 ["plain language of (section 1170.95) is explicit; its scope is limited to murder convictions"].) Here, it is undisputed that Lawson was convicted of voluntary manslaughter, not murder, pursuant to his plea agreement. He was therefore statutorily ineligible for resentencing under section 1170.95. Because Lawson was ineligible for relief as a matter of law, appointed counsel could not have provided any meaningful assistance with respect to his section 1170.95 petition. (See *People v. Daniel* (2020) 57 Cal.App.5th 666, 675, review granted Feb. 24, 2021, S266336 [failure to appoint counsel "upon the filing of a facially sufficient petition under section 1170.95 *is* susceptible to review for prejudice," and is harmless if the record conclusively shows the petitioner " 'was ineligible for relief as a matter of law' "].)

Assuming, without deciding, that a defendant is entitled to an independent review of the record under *People v. Wende*, *supra*, 25 Cal.3d 436, in an appeal from the denial of a section 1170.95 petition, we have examined the entire record, and are satisfied appellate counsel has fully complied with his responsibilities and no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 278–284; *Wende*, at p. 443.)

## DISPOSITION

The trial court's November 4, 2020 order denying Karnell Sean Lawson's Penal Code section 1170.95 petition is affirmed. NOT TO BE PUBLISHED.


KALRA, J.*

We concur:


EDMON, P. J.


LAVIN, J.

---

\* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.